### LULA BATTS v. THE STATE.

No. 4917. Decided February 27, 1918.

**Receiving Stolen Property—Sufficiency of the Evidence—Return of Stolen Property.**

Where, upon trial of receiving stolen property, the evidence sustained the conviction there was no error, and the question of the voluntary return of the property under the facts was not in the case, as defendant was convicted of receiving stolen property and not of theft thereof.

Appeal from the District Court of Smith. Tried below before the Hon. J. R. Warren.

Appeal from a conviction of receiving stolen property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of receiving stolen property, her punishment being assessed at two years confinement in the penitentiary.

There were no bills of exception reserved during the trial. The contention here is that the evidence does not support the conviction, and that appellant was entitled to a charge with reference to the voluntary return of stolen property. Appellant was convicted of receiving and concealing stolen property. Had she been convicted of theft, however,

the evidence would not have called for a charge on that question. The alleged owner, Terrell, had about three hundred odd dollars secreted in his smokehouse. This money was taken. There was evidence showing that appellant and the State's witness Miller were concerned in the taking. There was evidence going to show that appellant was an accomplice, if not a principal. This came from the accomplice, Miller. She made a statement, however, that she did not take the money, but that Miller did and gave her a part of it with the injunction that she must remain silent. When accused of having the money or having taken it she denied, and told the alleged owner she knew nothing about it. The next morning, however, she returned as much as fifty dollars to Terrell. Had she been convicted of theft, we are of opinion still that the question of voluntary return, under the facts, was not in the case. Only part of the stolen money was returned under the circumstances detailed. But this was a case of receiving and concealing stolen property, as found by the jury, she being charged with theft and receiving stolen property in the same indictment in different counts. The evidence, we think, is ample to support the conviction. In fact, the case is strongly made by the testimony.

The judgment will be affirmed.

*Affirmed.*

PRENDERGAST, Judge, absent.